UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK ROWLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-593-ZMB |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 16 ORDER

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 5.01, the Court orders the following to facilitate the preparation and entry of a scheduling order in this matter.

1.      **Meeting of Counsel**: No later than **June 19, 2026**, counsel must meet and confer regarding the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, initial discovery disclosures, preservation issues, the formulation of a proposed discovery plan in accordance with Rule 26(f)(3), and the JSP.

2.      **Initial Disclosures**: The parties must make their initial disclosures at or within 14 days of the meet and confer under Rule 26(f) unless either party objects to initial disclosures in the JSP or, in advance of this deadline, they jointly request and are granted additional time for good cause. *See* FED. R. CIV. P. 26(a)(1)(C).

3.      **Joint Proposed Scheduling Plan**: No later than **June 26, 2026**, counsel must file the JSP. The parties must submit only one proposed scheduling plan, and counsel for all parties must sign it. Plaintiff bears the responsibility for filing the JSP (except in limited cases involving pro se parties, as noted below). If the parties cannot agree as to any matter required to be contained in the joint plan, they must clearly and succinctly set out the disagreement in the joint proposal; the Court will resolve the dispute at or shortly after the scheduling conference. Alongside their JSP, parties should file a joint notice of the matters discussed at this meeting, including the

potential for settlement, whether the parties have exchanged settlement demands or offers (without specific details), and the case's suitability for alternative dispute resolution.

The parties must propose dates that fall within the ranges set forth below for the applicable track. This Court has three tracks for ordinary civil cases:

| **Track 1: Expedited** | **Track 2: Standard** | **Track 3: Complex** |
|---|---|---|
| *Disposition w/in 12 months of filing | *Disposition w/in 18 months of filing | *Disposition w/in 24 months of filing |
| *No Rule 16 Conf; 120 days for discovery | *180-240 days from Rule 16 Conf for discovery/dispositive motions | *240-360 days from Rule 16 Conf for discovery/dispositive motions |

*See* E.D. Mo. L.R. 5.01. **The Court preliminarily assigns this case to Track 1 (Expedited)**.

The parties' JSP must include:

a.    whether the track assignment is appropriate;

b.    dates for joinder of additional parties or amendment of pleadings;

c.    a discovery plan that includes:

   i.    any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

   ii.    any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

   iii.    confirmation that the parties have disclosed information and exchanged documents pursuant to Rule 26(a)(1);

   iv.    whether discovery should be limited to certain issues;

   v.    dates by which each party must disclose its expert witnesses' identities and reports—and whether serial or simultaneous disclosure is appropriate in the case—and dates by which the depositions will be completed;

   vi.    whether the presumptive limits of ten depositions per side—as set forth in Federal Rule of Civil Procedure 30(a)(2)(A)—and 25 interrogatories per party—as set forth in Federal Rule of Civil Procedure 33(a)—should apply in this case and, if not, the reasons for the variance from the rules;

   vii.    whether any physical or mental examinations of parties will be requested pursuant to Federal Rule of Civil Procedure 35 and, if so, by what date that request will be made and the date the examination will be completed;

      viii.    a date by which all discovery will be completed, **consistent with the track assignment**; and

      ix.    any other matters pertinent to the completion of discovery;

d.    the parties' positions concerning the referral of the action to mediation or early neutral evaluation, when such a referral would be most productive, and when it should end (bearing in mind that it typically takes several weeks after the Court's referral for a mediation or evaluation to commence);

e.    the date for filing any motions for summary judgment, or motions under Federal Rules of Evidence 702 and 703, or other dispositive motions **consistent with the track assignment**;

f.    the earliest reasonable date by which the parties can be ready for trial, **consistent with the track assignment**;

g.    an estimate of the length of time expected to try the case to verdict; and

h.    any other matters counsel consider helpful to include.

**4.**    **Scheduling Conference**: In light of the Track 1 assignment, the Court does not anticipate setting a Rule 16 scheduling conference and instead will rely on the parties' JSP to fashion a case management order. *See* E.D. Mo. L.R. 5.02. However, the Court is open to requests for a conference if the parties disagree with the preliminary track assignment or otherwise believe it will be beneficial for case management.

**5.**    **Disclosure Statement**: The Court reminds all nongovernmental corporate parties that they have ongoing reporting responsibilities under Local Rule 2.09 regarding material changes to their disclosure statements.

**6.**    **Pro se Parties**: Any party who appears in this action pro se and is not incarcerated must meet with all other parties or counsel and participate in the preparation of the JSP in the same manner as otherwise required by this order. However, in cases involving only a pro se plaintiff, defense counsel will be responsible for filing the JSP.

So ordered this 8th day of June 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

3