UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK ROWLAND,

       Plaintiff,

  v.

EQUIFAX INFORMATION SERVICES,
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS UNION,
LLC,

       Defendants.

Case No. 4:26-cv-00593-ZMB

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

## INTRODUCTION AND JURISDICTION

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer for violations of the of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶2:**

This Court has jurisdiction of the FCRA claim under 15 U.S.C. §1681q, 15 U.S.C. §1681k and 28 U.S.C. § 1331.

325141735v.1

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue is appropriate in this Court under 28 U.S.C. §1367(a) because Plaintiff resides in this District, Plaintiff suffered damages in this District, one or more of the Defendants regularly conduct business in this District, and Defendants directed their illicit conduct at Plaintiff in St. Charles County, Missouri.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**COMPLAINT ¶4:**

Plaintiff demands a trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

**PARTIES**

**COMPLAINT ¶5:**

Plaintiff is a natural person currently residing in St. Charles County, Missouri and is a consumer within the meaning of FCRA, 15 U.S.C. §1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except

2

325141735v.1

admits, upon information and belief, that Plaintiff is a natural person and qualifies as a "consumer" under the FCRA.

## COMPLAINT ¶6:

Equifax Information Services, LLC ("Equifax") is a foreign limited liability company. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

## ANSWER:

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties. Equifax denies the remaining allegations in this paragraph.

## COMPLAINT ¶7:

Experian Information Solutions, Inc. ("Experian") is a foreign corporation. Experian is a "consumer reporting agency or CRA" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COMPLAINT ¶8:

Trans Union, LLC ("Trans Union") is a foreign limited liability company. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports, as defined in 15 U.S.C. §1681(d) to third-parties.

## ANSWER:

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

3

**COMPLAINT ¶9:**

Defendants Equifax, Experian and Trans Union disburse such consumer reports to third-parties under contract for monetary consideration.

**ANSWER:**

Equifax admits that, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation. Equifax denies the remaining allegations in this paragraph.

**FACTS**

**COMPLAINT ¶10:**

Plaintiff is a victim of identity theft and had student loans opened in his name, which do not belong to him.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

Plaintiff never gave his permission or consent for any one to use his signature or name to apply for student loans in his name and did not receive any benefit from these loans.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

The false accounts are from MOHELA for $3,106 on one account and the other loan from them for $1,685. The loans were opened in Sept 2024. Upon information and belief, the accounts were used for a school in Minnesota called Century College. A school that Plaintiff did not attend.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

4

325141735v.1

**COMPLAINT ¶13:**

Plaintiff has never lived in Minnesota and at all relevant time was in Missouri. The name and address on the application provided to him by Century College list a different name and an address in Minneapolis that has no ties to Plaintiff. He also has never attended college and obtained his GED in 2012 in Missouri.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶14:**

Plaintiff filed a police report and it was discovered that the IP address used to open these accounts originated from Iraq. Upon information and belief, this was obtained from a subpoena from the police from their investigation. The police report also states that "it was confirmed that someone used his [Plaintiff's] name and social security number to open up these student loans".

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

From October 2025 to the date of the lawsuit, Plaintiff has repeatedly notified Defendants Equifax, Trans Union and Experian, that they were reporting inaccurate and fraudulent credit information in his credit report. Plaintiff sent the Defendants requests for reinvestigation of the information that was inaccurate.

**ANSWER:**

Equifax admits that on October 16, 2025, December 2, 2025, December 31, 2025, and

February 10, 2026, it received letters from Plaintiff concerning his credit report.  Equifax denies

reporting inaccurate information.

**COMPLAINT ¶16:**

Plaintiff included a description that the account was the result of fraud and proof that the account and charges did not belong to him.

5

325141735v.1

**ANSWER:**

Equifax admits that on October 16, 2025, December 2, 2025, December 31, 2025, and February 10, 2026, it received letters from Plaintiff concerning his credit report.  Equifax denies reporting inaccurate information.

**COMPLAINT ¶17:**

Upon information and belief, Defendants Equifax, Trans Union and Experian using their normal practices, communicated Plaintiffs dispute to MOHELA and represented to them that Plaintiff claimed the debt was not owed and the charges did not belong to him.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

Upon information and belief, Defendants, Experian, Equifax and Trans Union responded by either ignoring his disputes or verifying that the account was accurate, belonged to Plaintiff and was going to remain on his credit report.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:** [SIC]

Defendants Equifax, Trans Union and Experian failed to conduct a reasonable reinvestigation of Plaintiffs disputes and failed to comply with the reinvestigation requirements under 15 U.S.C. §1681i.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325141735v.1

**COMPLAINT ¶21:**

Defendants Equifax, Trans Union and Experian also failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiffs consumer reports as required by 15 U.S.C. §1681e(b).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶22:**

Defendants failed to comply with the provisions of 15 U.S.C. Section 1691c-2, by failing to block information that resulted from identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶23:**

As a result of Defendants' conduct, actions and inaction, Plaintiff suffered actual damages in the form of denial of credit as well as extreme mental anguish and emotional distress, humiliation, and damage to Plaintiffs reputation for credit worthiness.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶24:**

Defendants' conduct, actions and inactions were willful.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## COUNT I – FCRA
### 15 U.S.C. § 16810 (Experian, Equifax and Trans Union)

**COMPLAINT ¶25:**

Plaintiff re-alleges and incorporates by reference the above paragraphs.

7

325141735v.1

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶26:**

Defendant CRAs negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiffs consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts; and

c) failing to comply with the provisions of 15 U.S.C. Section 1691c-2, including failing to block information that resulted from identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶27:**

As a result of Equifax, Experian and Trans Union's negligent violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶28:**

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

325141735v.1

**COMPLAINT ¶29:**

Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681o(b).

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

### COUNT II-FCRA
### 15 U.S.C. § 1681n (Experian, Equifax and Trans Union)

**COMPLAINT ¶30:**

Plaintiff realleges and incorporates by reference the above paragraphs.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶31:**

Equifax, Experian and Trans Union willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiffs consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, including but not limited to parts and subparts; and

c) failing to comply with the provisions of 15 U.S.C. Section 1691c-2, including failing to block information that resulted from identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶32:**

As a result of Equifax, Experian and Trans Union's willful violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

325141735v.1

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶33:**

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶34:**

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶35:**

Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. On Plaintiff's First Claim for Relief:

   a. Actual damages in an amount to be determined by the jury; and

   b. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief:

   a. Actual damages in an amount to be determined by the jury;

10

325141735v.1

b.      Punitive damages in an amount to be determined by the jury;

c.      Statutory damages as determined by the Court; and

d.      Attorney fees and costs.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it. Equifax is neither incorporated nor headquartered in Missouri, and the conduct giving rise to Plaintiff's claim occurred outside of Missouri and was not targeted at Missouri.

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit report(s).

## THIRD DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

11

325141735v.1

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  June 8, 2026                                  Respectfully submitted,

POLSINELLI PC


By:  */s/ Britton St. Onge*
                     Britton St. Onge (MO #62256MO)
                     7676 Forsyth Boulevard, Suite 800
                     St. Louis, MO 63105
                     Tel. (314) 889-8000
                     Fax (314) 231-1776
                     bstonge@polsinelli.com

                     *Counsel for Defendant*
                     *Equifax Information Services LLC*

325141735v.1